**Ibrahima BAH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70135.

Agency No. A75–589–223.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 4, 2004.*

Decided Aug. 25, 2004.

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Elisabeth Layton, U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

MEMORANDUM**

Ibrahima Bah, a citizen and native of Guinea, petitions for review of the Board of Immigration Appeals' (BIA) summary affirmance of an Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding and a denial of asylum under the substantial evidence standard and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lata v. INS*, 204 F.3d 1241, 1244–45 (9th Cir.2000). As the parties are familiar with the facts, procedural history and arguments, we cite them only as necessary. We grant the petition.

█ We conclude that the IJ's adverse credibility finding is not "based on 'specific, cogent reasons,' which are substantial and 'bear a legitimate nexus to the finding.'" *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (internal brackets omitted) (quoting *Cordon–Garcia v. INS*, 204 F.3d 985, 993 (9th Cir.2000)). First, the IJ overstated and improperly relied on the inconsistencies between Bah's written application and his hearing testimony. The only inconsistencies this court could identify was that: 1) contrary to Bah's application, only one, not two, of his brothers was harmed by the police, and 2) Bah's mother was harassed but was not actually harmed or jailed. These inconsistencies do not, however, go to the heart of Bah's asylum claim. As the IJ himself noted, Bah's

asylum claim is based on the police beatings he suffered as a result of his political activities. The asylum claim was not based on the mistreatment of his family and thus, inconsistencies about his brother and mother are "of less than substantial importance" and cannot serve as the basis for a negative credibility finding. *See Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998).

Second, the IJ emphasized that he could not believe that Bah would not have tried to leave the country sooner had he been persecuted, nor could the IJ believe that Bah would have been allowed to leave the country without difficulty if he was as politically active as he claimed. The IJ then stated that Bah should have known to seek asylum immediately upon arriving rather than waiting three years. These conclusions are not based on anything more than conjecture and speculation and are not a proper basis for a negative credibility finding. *See Guo v. Ashcroft*, 361 F.3d 1194, 1201–02 (9th Cir.2004).

Finally, the IJ noted that Bah was not able to substantiate his persecution with hospital reports or reports of his arrests and injuries. This court has long held that an adverse credibility finding cannot be based on a lack of corroborating evidence of persecution, which is almost always inherently difficult to provide. *See Garrovillas*, 156 F.3d at 1016–17.

█ Because we have concluded that Bah's testimony was credible, we subsequently hold that Bah has successfully established a well-founded fear of future persecution on account of political opinion. The repeated beatings, the detentions, and the electric shocks serve as a sufficient basis for a finding of past persecution, and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the IJ himself found that country conditions had not changed in Guinea.

For the foregoing reasons, we **GRANT** the petition, **REVERSE** the IJ's determinations that Bah was not credible and that Bah did not have a well-founded fear of future persecution, and hold that Bah is eligible for asylum. We **AFFIRM** the IJ's denial of withholding of removal and relief under CAT. We **REMAND** for the Attorney General to exercise his discretion with respect to granting asylum.